IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-HC-02239-M

CLIFTON WILLIAM BATTS,               )
                                     )
                Petitioner,          )
                                     )
        v.                           )              **ORDER**
                                     )
STATE OF NORTH CAROLINA,             )
                                     )
                Respondent.          )

This cause is before the court on petitioner's motions "for delayed [sic]," Mot. [D.E. 29], "for entry of default," Mot. [D.E. 30-2], "for notice and request of order," Mot. [D.E. 50], for a writ of mandamus [D.E. 51, 61, 62], to appoint counsel [D.E. 52, 53, 54, 59, 67], for summary judgment, Mot. [D.E. 56], for an evidentiary hearing, Mot. [D.E. 57], for an order, Mot. [D.E. 60], and for discovery, Mot. [D.E. 65], as well as respondent's motions for summary judgment, Mot. [D.E. 32], and to seal various proposed exhibits, Mot. [D.E. 42]. These motions are ripe for review.

Relevant Procedural History:

On November 15, 2021, Clifton William Batts ("petitioner"), a state inmate, filed *pro se* a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. Pet. [D.E. 1]. Petitioner also filed various additional motions seeking to expedite the proceedings [D.E. 7, 15, 16], appointment of counsel [D.E. 10], and a writ of mandamus [D.E. 17].

On February 9, 2022, the court denied petitioner's motions to appoint counsel, to expedite, and for a writ of mandamus, but allowed the action to proceed. Order [D.E. 18].

On February 17, 2022, petitioner moved for reconsideration of that part of the court's February 9, 2022, order that denied appointment of counsel. See Mot. [D.E. 21].

On March 18, 2022, respondent moved for an extension of time until April 20, 2022, to answer the petition, Mot. [D.E. 24], and the court granted the motion, Order [D.E. 25].

On April 4, 2022, the court denied the motion for reconsideration. Order [D.E. 26].

On April 19, 2022, respondent moved for an extension of time until May 2, 2022, to answer the petition, Mot. [D.E. 27], and the court granted the motion, Order [D.E. 28].

On April 25, 2022, petitioner filed a self-styled "motion for delayed [sic]," Mot. [D.E. 29], and a self-styled "declaration for entry of default [sic]," Mot. [D.E. 30-2].

On May 2, 2022, respondent filed an answer [D.E. 31], a motion for summary judgment, Mot. [D.E. 32], a statement of facts [D.E. 33], an appendix [D.E. 34], a memorandum [D.E. 35], proposed sealed exhibits [D.E. 36, 37, 38, 39, 40, 41], and a motion to seal, Mot. [D.E. 42].

On May 3, 2022, pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified petitioner about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 44].

On June 1, 2022, petitioner filed a self-styled "petitioner's traverse to response to order to show cause [sic]." [D.E. 45].

On June 6, 2022, petitioner filed a self-styled "opposition to a motion to dismiss or deny answer [sic]." [D.E. 46].

On July 29, 2022, petitioner filed a self-styled "motion for notice and request of order [sic]." Mot. [D.E. 50] (asserting his habeas petition should be granted immediately).

On August 1, 2022, petitioner moved for a writ of mandamus. Mot. [D.E. 51].

On August 5, 12, and 31, 2022, petitioner moved to appoint counsel. See [D.E. 52, 53, 54].

On October 4, 2022, petitioner filed a motion for summary judgment, Mot. [D.E. 56], and a motion for an evidentiary hearing, Mot. [D.E. 57].

On October 27, 2022, petitioner filed a motion to appoint counsel, Mot. [D.E. 59], and a self-styled "request notice of order," Mot. [D.E. 60] (asserting entitlement to habeas relief).

On November 2 and 14, 2022, petitioner moved for writs of mandamus. See [D.E. 61, 62].

On December 5, 2022, petitioner moved for discovery. Mot. [D.E. 65].

On December 7, 2022, petitioner filed an affidavit in support of his December 5, 2022, motion for discovery [D.E. 66], and a motion to appoint counsel, Mot. [D.E. 67].

<h3 style="text-align:center">Preliminary Matters:</h3>

First, the court DENIES AS MOOT petitioner's motions to expedite [D.E. 29, 50, 60]. See United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (courts "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions.").

Next, because respondent's motion for an extension of time to answer was granted, Order [D.E. 28], the court also DENIES AS MOOT petitioner's motion for entry of default [D.E. 30-2].

Next, in support for his motions for a writ of mandamus [D.E. 51, 61, 62], petitioner asserts that the court has not moved with sufficient alacrity, he is entitled to immediate release, and that this court and the United States Court of Appeals for the Fourth Circuit improperly denied his prior motion for mandamus. See Mot. [D.E. 51] at 1–2; Mot. [D.E. 61] at 1–2; Mot. [D.E. 62] at 1–3.

Mandamus is a drastic remedy that may be invoked only in extraordinary situations. See Kerr v. U.S. Dist. Court for the N. Dist. of Cal., 426 U.S. 394, 402 (1976); Cumberland Cty. Hosp. Sys., Inc. v. Burwell, 816 F.3d 48, 52 (4th Cir. 2016). Mandamus is available only if the movant "exhausted all other avenues of relief" and is owed a "nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616–17 (1984); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) ("The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." (quotations omitted)).

Succinctly stated, because petitioner fails to show clear entitlement to this extraordinary remedy, the court DENIES these motions seeking a writ of mandamus [D.E. 51, 61, 62].

In support of his motions to appoint counsel, petitioner argues, *inter alia*: the adjudication of this petition has been dilatory; he proceeds *in forma pauperis*; he cannot afford counsel; he has limited access to a law library; he is "unschooled in law"; counsel could better present his case; and his efforts to obtain counsel have been unsuccessful. See generally [D.E. 52, 53, 54, 59, 67].

No right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989). In *pro se* civil cases, such "exceptional circumstances" arise when the movant lacks capacity to represent himself; this is a determination by the court that "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163.

Because this action is not complex, and because his filings show he possesses the capacity to proceed *pro se*, petitioner fails to demonstrate the requisite "exceptional circumstances," cf. id., and the court DENIES these motions to appoint counsel [D.E. 52, 53, 54, 59, 67].

Petitioner moves for an evidentiary hearing, see Mot. [D.E. 57] (alleging due process violations), and elsewhere argues that an evidentiary hearing is appropriate because:

> 1) the merits of his case were not resolved in the state hearing court, 2) the state factual determination is not fairly supported by the record as a whole, 3) the fact-finding procedure in the state court was not adequate to afford a full and fair hearing, 4) there is a substantial allegation of newly discovered evidence, 5) the material facts were not adequately developed at the state hearing, or 6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair hearing.

Pet'r's Mot. Summ. J. [D.E. 56] at 5 (citing Townsend v. Sain, 372 U.S. 293 (1963)).

Petitioner's reliance on Townsend is misplaced. See Keeney v. Tamayo-Reyes, 504 U.S. 1, 5, 9 (1992) (overruling Townsend in part and instead requiring satisfaction of the cause-and-

4

prejudice standard in Coleman v. Thompson, 501 U.S. 722 (1991)); see also Shinn v. Ramirez, 142 S. Ct. 1718, 1733–34, 1740 (2022) (noting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "replaced *Keeney*'s cause-and-prejudice standard for evidentiary development with the even 'more stringent requirements' now codified at 28 U.S.C. § 2254(e)(2)," and declining "to impose any factfinding beyond § 2254(e)(2)'s narrow exceptions to AEDPA's 'genera[l] ba[r on] evidentiary hearings'" (quoting McQuiggin v. Perkins, 569 U.S. 383, 395 (2013))). As noted in the analysis below, petitioner does not satisfy the requirements of section 2254(e)(2) and, accordingly, the court DENIES the motion for an evidentiary hearing [D.E. 57].

Next, in support of his motion seeking discovery, petitioner argues: "Respondent open the door to the record on appeal and ignored the pleadings [sic]"; "bias exists with pro-se trial counsel, and standby counsel with foresaid Jurisdiction Transfer to Appellate defender and client autonomy settlement of record [sic]"; "respondent has admitted to plainly by not raising a defense nor proper answer that [his] version of event is true . . . by opening the door trying to address or resurrect the direct appeal in an effort to waste the court's time [sic]"; "such bias requires discovery under Rule 6(a) where appointed counsel can depose both standby counsel and appellate defenders office"; and the court may determine "the matter resolving the bias which has lend to the respondent to resurrect the direct appeal opening the door as for allowing entire direct appeal into the record to expose trial and appellate scheme to make it appear as though petitioner was afforded a fair trial and direct appeal [sic]." See Mot. [D.E. 65] at 3–6. Petitioner elsewhere states that his appellate counsel failed to raise viable constitutional claims on appeal. See Pet'r's Aff. [D.E. 66] at 2–3.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997) (noting, in Harris v. Nelson, 394 U.S. 286, 295 (1969), the Court held "the 'broad discovery provisions' of

5

the Federal Rules of Civil Procedure did not apply in habeas proceedings"). Instead, pursuant to Rule 6(a) of the Rules Governing § 2254 cases, the court, in its discretion, may authorize discovery for good cause shown. Id. "Petitioner bears the burden of showing 'good cause' and must 'present specific allegations that give the Court reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief.'" Albritton v. United States, No. 4:12-CR-00005-F-1, 2016 WL 2932165, at *4 (E.D.N.C. May 19, 2016) (citations omitted).

Petitioner's cryptic assertions of "bias" and "opening the door" fail to show the requisite specificity and good cause, cf. id., and the court DENIES the motion for discovery [D.E. 65].

Next, the court considers respondent's motion to seal. Mot. [D.E. 42] (arguing sealing is appropriate to protect the identity of a minor victim of sexual abuse). Because petitioner has not objected, and because the minor victim's right to privacy outweighs the public interest in disclosure, the court GRANTS the motion to seal [D.E. 42].

Below, the court addresses the parties' motions for summary judgment.

## Background:

Petitioner collaterally attacks his December 21, 2018, Johnston County conviction for attempted second degree forcible rape, attempted statutory rape of a child by an adult, and taking indecent liberties with a child. Pet. [D.E. 1] at 1. Petitioner proceeded *pro se* at trial with standby counsel. See Resp't App., Ex. 12 [D.E. 34-12] at 2. His crime of conviction was described thus:

Sarah [a pseudonym], a minor, was at home with her mother and sisters when Clifton William Batts ("Defendant") knocked on the door around midnight. Sarah's mother was asleep, and her sisters were in other rooms of the house. Although she knew Defendant, Sarah refused to let him inside the house. Defendant pushed himself into the house and went to the bathroom. He then entered Sarah's bedroom where he left his pants halfway down, tried to pull Sarah's pants down and tried to open her legs. Sarah cried, pushed Defendant away and closed her legs. Defendant tried to put his penis inside Sarah while pushing her toward him, but she resisted by pushing and kicking. The struggle continued to two or three minutes, but Defendant was only able to put his penis on top of Sarah's thigh.

6

Sarah did not tell anyone that Defendant tried to rape her until two months later when she told her cousin, and one year later when her mother found her crying in the bathroom. Sarah's mother contacted the Johnston County Sheriff's Office. Defendant was charged with attempted first-degree forcible rape, attempted statutory sexual offense with a child by an adult and taking indecent liberties with a child. Nurse Practitioner Ann Parsons ("Nurse Parsons"), Licensed Professional Counselor Jasmine Tankard ("Tankard"), and Detective Charlotte Fournier ("Detective Fournier") all testified at trial. A jury convicted Defendant on all counts. The trial court sentenced Defendant as a prior record level V to consecutive sentences of 96-176 months for attempted second-degree forcible rape and 240-348 months for attempted statutory rape of a child by an adult, and 28-43 months for taking indecent liberties with a child. The trial court ordered Defendant to register as a sexual offender for a period of 30 years and for the Division of Adult Corrections to perform a risk assessment and report the results. Defendant gave oral notice of appeal in open court.

State v. Batts, 273 N.C. App. 495, 847 S.E.2d 82 (2020), review withdrawn, 379 N.C. 164, 863 S.E.2d 621 (2021).

On direct appeal to the North Carolina Court of Appeals, petitioner was represented by attorney Mark Montgomery and argued two issues – 1) "whether the trial court committed plain error in allowing expert testimony that the complainant was 'diagnosed' as sexually abused despite absence of physical evidence," and 2) "whether the trial court committed plain error in allowing extensive expert vouching for the complainant." See Resp't App, Ex. 2 [D.E. 34-2] at 7, 33.

On September 15, 2020, the North Carolina Court of Appeals found no plain error in Petitioner's trial and convictions. See Resp't App., Ex. 5 [D.E. 34-5] (printout of State v. Batts, No. COA19-1100, 2020 N.C. App. LEXIS 657 (N.C. Ct. App. Sept. 15, 2020) (unpublished)).

On November 2, 2020, Petitioner filed a petition for discretionary review ("P.D.R.") in the North Carolina Supreme Court. Resp't App., Ex. 8 [D.E. 34-8].

On July 6, 2021, petitioner filed a motion for appropriate relief ("M.A.R." or "MAR") in Johnston County Superior Court. See Pet. Attach. [D.E. 1-1] at 14–21.

7

On August 30, 2021, petitioner moved to withdraw his P.D.R. in the North Carolina Supreme Court. Resp't App., Ex. 10 [D.E. 34-10].

On September 30, 2021, Johnston County Senior Resident Superior Court Judge Thomas H. Lock denied petitioner's MAR on the merits. See Pet. Attach. [D.E. 1-1] at 1–4.

On October 15, 2021, petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals. Id. at 5–12.

The North Carolina Court of Appeals denied this petition on October 21, 2021. Id. at 13.

On October 27, 2021, the North Carolina Supreme Court allowed petitioner's motion to withdraw his P.D.R. Resp't App., Ex. 11 [D.E. 34-11].

On November 15, 2021, petitioner filed the instant § 2254 habeas petition. Pet. [D.E. 1].

Arguments:

In his instant § 2254 habeas petition, as his first ground for relief, petitioner states:

> Jurisdiction from fatal Indictment 5th Amendment Violation. Indicted of three offense(s). Convicted of a different criminal offense without given proper due process notice! Without given upper variance proper notice, wrongful jury instructions without given probable cause hearing on convicted charge(s) or notice to contest criminal offense(s). Please see exhibits attached ment [sic] judicial notice, M.A.R., indictment, jury instructions, verdict sheet, etc. 5th 14th 6th Amendment violations abuse of discretion by courts [sic].

Pet. [D.E. 1] at 5.

As to why he did not exhaust his state remedies as to this ground, petitioner states:

> Given, jurisdiction court all due process time, notice to correct errors, of Amendment violations, life & liberties been deprived violated an breach by judicial courts under the (color of law) and U.S. Constitutional, N.C. Constitutional, violated 5th 6th 14th. See attached ments [sic] M.A.R., judicial notice, indictments, jury instructions, verdict sheet attached to writ or petition of habeas corpus [sic].

Id.

8

Petitioner asserts the MAR court denied this ground for relief and he was "denied impartial fair due process decision by courts . . . with no sound explanation of denial [sic]." Id. at 6.

Petitioner's second ground for relief states: "State writ, mandamus, praecipe [sic] MAR, certiorari petition or writ." Id. at 7. In support, he states: "filed certiorari writ or petition judicial notice MAR with supporting attachments to lower court, N.C. Court of Appeals, N.C. Supreme Court P.D.R. with judicial notice [sic]." Id. Petitioner cites attached exhibits and asserts, "Denied impartial fair due process to all courts no explanation of facts supporting order [sic]." Id. at 8.

Petitioner's third ground for relief states: "P.D.R. petition, motion withdrawal 8-30-2021 see attached petition [sic]." Id. In support, he states: "Denied impartial fair due process in all courts in due process procedural. See attach documents Ex 11 no explanation or facts supporting order due process violation [sic]." Id.

Petitioner states that he did not present these grounds for relief to the highest state court having jurisdiction, explaining: "Constitutional Amendment violations newly discovered evidence submitted to jurisdiction court, court of appeals highest court fail to be impartial and fair in process judicially in due process [sic]." Id. at 12.

As to whether there is any ground in this petition that has not been presented in some state or federal court, he states: "No. 5th 6th 14th Amendment violation, fatal indictment, fair & speedy trial violation, wrongful jury instructions, abused of discretion by courts, due process [sic]." Id.

For relief, petitioner asks the court to: "vacate sentences, dismiss all charges, investigate all constitutional claims, review all documents herein, [and] to grant a constitutional right of access to court [sic]." Id. at 15.

In support for the motion for summary judgment, respondent argues that: the court should deny this petition on the merits under the deferential standard of 28 U.S.C. § 2254(d),(e);

9

petitioner's conclusory claims–that his indictments were defective, that he had inadequate notice of the offenses pending against him, and that his speedy trial rights were violated–should be denied; and arguments raised in his P.D.R. are unexhausted. See Resp't Mem. [D.E. 35] at 6–22.

In his response in opposition to respondent's motion for summary judgment, petitioner first argues that his indictment had a fatal defect because, in Count II, he was indicted under the correct general statute, N.C. Gen. Stat. § 14-27.28, but under the incorrect title of the offense, "Statutory Sexual Offense With a Child by an Adult." See Pet'r's Resp. [D.E. 45] at 3. Petitioner argues that, to be properly informed of the nature and cause of the accusation, the statute listed and the name of the offense must match. Id. (citing State v. Bowen, 139 N.C. App. 18, 533 S.E.2d 248 (2000) ("Bowen"); State v. Miller, 137 N.C. App. 450, 528 S.E.2d 626 (2000) ("Miller")).

Petitioner also argues that, "to have [probable] cause for statutory rape of a child by an adult . . . [requires an attempt] to engage in vaginal intercourse but came short of act or was stop [sic]," but "there's no definitive testimony or evidence to support allege change of any stoppage or short coming of allege crime of attempt[ted] statutory rape, or any definitive evidence to support rape or attempt[ted] rape [sic]." Id. Petitioner asserts the reason the grand jury did not match the title and general statute number was because "there was no probable cause" for the grand jury to do so in either of the superseding indictments on July 9, 2018, or December 4, 2018. Id. at 3–4. Petitioner also argues that the "courts had constructive knowledge of error of fatal indictment during pre-trial motions hearing" before the December 17, 2018, trial. Id.

Petitioner next argues that the trial court "abused its discretion" by "not allowing petitioner to exercise 6th Amendment fairly and impartial [sic]," and that his right to a speedy trial was violated. Id. Petitioner asserts he was "indicted on sexual offense but found guilty by a jury of statutory rape[, an] upper variance[,] and exceed statute of limitations of 180 days of request fair

10

& speedy trial [sic]." Id. at 4–5 (citing State v. Pippin, 72 N.C. App. 387, 324 S.E.2d 900 (1985)). Petitioner notes his request for speedy trial was entered in court on June 4, 2018, but superseding indictments with additional charges followed. Id. at 5. Petitioner contends his due process rights were violated because there was "no probable cause hearing of two vertical overcharging offenses(s) attempted sexual offense w/c by adult and indecent liberties with child [sic]," and additional charges after the speedy trial request "disable petitioner of adequate defense [sic]." Id.

Petitioner next argues the North Carolina Court of Appeals erred in finding no error on direct appeal because there was "no definitive evidence to support actual charge; all circumstantial evidence indicating the innocence or guilt." Id. at 6. Petitioner contends his indictment for indecent liberties instead should have been for "'attempt' because of circumstantial evidence of all charges plainly hearsay charged with no definitive evidence support actual offense(s) but statement, conflicting statements [sic]." Id. Petitioner argues his trial was "unfair and inadequate." Id. Petitioner notes his jury consisted of 10 women and 3 men, and had twelve white jurors and one black juror, but that data reflects that Johnston County is 68% white and 16% Black. Id. Petitioner argues that "a randomly selected jury would be mostly white," and "gender was also a factor." Id. Petitioner notes, in a November 6, 2018, hearing before the Honorable Jeffrey B. Foster, he moved for change of venue "because of fair and impartial jury trial deprived to defendant [sic]," but the motion was denied. Id. Petitioner asserts that he filed a civil-rights claim "against same judicial official for violating civil, constitutional, due process rights [sic]." Id.

Petitioner elsewhere argues that: warrants may not issue without probable cause, his indictments had fatal defects, his indictments did not adequately inform him of the nature and grounds of the criminal accusations against him, and he was denied his right to a speedy trial. See Pet'r's Resp. [D.E. 46] at 1–2.

In support of his motion for summary judgment, petitioner argues, *inter alia*, that he:

was not adequately put on notice of [the superseding] indictment [on] July 9, 2018, of overaverting [sic] charges add it, without probable cause or sufficient evidence of indictment. [N.C. Gen. Stat. § 14-27.23] Attempt Sexually Offense W/C by an Adult, [N.C. Gen. Stat. § 14-202.1] Indecent Liberties; which was in correct[.] [N.C. Gen. Stat. § 14-27.23] of title of offense of attempt statutory sexual offence w/c by adult the correct [N.C. Gen. Stat. § 14-27.28] the correct (element) for that title and [general statute number] were fatal improper . . . [sic].

Pet'r's Mot. Summ. J. [D.E. 56] at 2.

Petitioner further argues that, on December 3, 2018, he was:

indicted by way of a superseding indictment for attempted forcible first-degree rape [N.C. Gen. Stat. § 14-27.21], attempted statutory sexual offense w/c by adult [N.C. Gen. Stat. § 14-202.1]. Three grand jury indictments with no probably [sic] cause hearing, no definitive evidence or witnesses, no concrete time or date; with wrong element; to match TITLE; [general statute number] of controlling charged attempted statutory sexual offence w/c by adult . . . which violated petitioner 5th 6th 14th Amendment under U.S. Constitution [sic].

Id. (again citing North Carolina Court of Appeals cases Bowen and Miller).

Petitioner contends that the elements of the offense for Statutory sexual offense with a child by an adult, N.C. Gen. Stat. §14-27.28, "does not include rape or vaginal intercourse [sic]." Id. at 3. Thus, he argues, "with title of offense not supporting essential element or [general statute number,] petitioner [was] not properly informed of the nature and cause of the accusation of judged & commitment convicting charged of attempt statutory rape w/c by adult [sic]." Id.

Petitioner argues that his "due process of 5th 6th Amendment Right[s] [were] violated [sic]" because "there was no definitive evidence to support attempt statutory rape w/c by adult" under N.C. Gen. Stat. §14-27.23, "attempted forcible rape" under N.C. Gen. Stat. § 14-27.21, or "indecent liberties" under N.C. Gen. Stat. § 14-202.1. Id. Petitioner further asserts that the trial court violated his due process rights because the grand jury twice applied incorrect general statute numbers with the "wrong essential element to support TITLE of offense(s) [sic]." Id.

12

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (alteration and internal quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

Under AEDPA, a federal court cannot grant habeas relief in cases where a state court considered a claim on its merits unless the state court decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to the Supreme Court's result. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal

13

rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407; see White v. Woodall, 572 U.S. 415, 419–427 (2014).

> [Section 2254(d)] does not require that a state court cite to federal law in order for a federal court to determine whether the state court decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000) (en banc), cert. denied, 534 U.S. 830 (2001).

Federal courts apply a highly deferential standard of review under 28 U.S.C. § 2254(d) and (e). See Dunn v. Madison, 138 S. Ct. 9, 11 (2017) (per curiam), reh'g denied, 138 S. Ct. 726 (2018); Cullen v. Pinholster, 563 U.S. 170, 181 (2011). Congress intended the standard outlined in AEDPA to be "difficult to meet." See Woodall, 572 U.S. at 419 (citation and internal quotation marks omitted). "A habeas petitioner meets this demanding standard only when he shows that the state court's decision was 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Madison, 138 S. Ct. at 11 (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)). Moreover, a state court's factual determination is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010).

### Discussion:

First, petitioner's motion for summary judgment fails to demonstrate that he is entitled to judgment as a matter of law under the governing standard of Federal Rule of Civil Procedure 56. See Desmond v. PNGI Charles Town Gaming, L.L.C., 630 F.3d 351, 354 (4th Cir. 2011) ("When cross-motions for summary judgment are before a court, the court examines each motion separately, employing the familiar standard under Rule 56 of the Rules of Civil Procedure.").

14

Next, although petitioner's filings are far from a model of clarity, the court observes that the instant petition does not re-argue the two issues raised in petitioner's direct appeal to the North Carolina Court of Appeals. Compare Pet. [D.E. 1], with Resp't App, Ex. 2 [D.E. 34-2] at 7. Further, although petitioner makes additional claims, see Pet'r's Resp. [D.E. 45] at 6 (contesting, *inter alia*, the racial and gender makeup of his jury, and the denial of his motion for a change of venue); Pet'r's Aff. [D.E. 66] at 2–3 (implying he received inadequate assistance of appellate counsel), he may not raise these new claims in response to a motion for summary judgment, see Rhodes v. Beckwith, No. CIV.A. 0:14-428-MGL, 2015 WL 628480, at *3 (D.S.C. Feb. 12, 2015).

Next, the court liberally construes the grounds for relief raised in the instant petition as premised upon the claims that petitioner raised in his MAR. The court also liberally construes petitioner's MAR arguments as follows: 1) there was no probable cause determination for the additional charged offenses of Attempted Statutory Rape of a Child by an Adult and Taking Indecent Liberties with Children that were added to his first superseding indictment; 2) the second superseding indictment was fatally defective and divests the trial court's jurisdiction because the offense date range listed, from March 1, 2016, to December 31, 2016, impermissibly varied from the offense date listed on his arrest warrant, from March 1, 2016, to May 31, 2016; 3) his superseding indictments were fatally defective and did not put him on adequate notice of the charges against him because he was charged under N.C. Gen. Stat. § 14-27.23 ("Statutory rape of a child by an adult"), but the offense name listed on the indictment was Attempted Statutory Sexual Offense with a Child by an Adult, which appears under N.C. Gen. Stat. § 14-27.28; 4) his superseding indictments were fatally defective because, although he was indicted on a "sexual offense," which does not entail vaginal intercourse, he was "found guilty by a jury of statutory rape," which entails vaginal intercourse, and the jury instructions were for statutory rape; 5) his

15

superseding indictments were fatally defective and did not put him on adequate notice of the charges against him because, although the offense was listed as "Indecent Liberties with a Child," this offense is properly entitled "Taking Indecent Liberties with Children," and the indictment failed to identify the statutory subsection charged; and 6) his 6th Amendment rights were violated because superseding indictments followed after his counsel moved for speedy trial at a hearing on June 4, 2018. See Pet. Attach. [D.E. 1-1] at 14–21. The court addresses these claims *seriatim*.

1) Whether the superseding indictments lacked probable cause:

Petitioner asserts that the superseding indictments lacked probable cause and that he did not receive a probable cause hearing. See Pet. [D.E. 1] at 5; Pet'r's Resp. [D.E. 46] at 1–2; Pet'r's Mot. Summ. J. [D.E. 56] at 2.

In the order denying petitioner's MAR, Judge Lock found this claim meritless, noting that, because the grand jury returned a true bill of indictment in both superseding indictments, probable cause necessarily was found and no preliminary hearing was required. See [D.E. 1-1] at 2 (citing N.C. Gen. Stat. § 15A-628 ("A grand jury: (1) Must return a bill submitted to it by the prosecutor as a true bill of indictment if it finds from the evidence probable cause for a charge to be made"); State v. Hudson, 295 N.C. 427, 431, 245 S.E.2d 686, 689 (1978) ("There is no constitutional requirement for a preliminary hearing, and it is well settled that there is no necessity for a preliminary hearing after a grand jury returns a bill of indictment." (citation omitted))).

The record reflects that a Johnston County grand jury returned true bills of indictment. See Pet. Attach. [D.E. 1-1] at 23–28; Resp't App., Ex. 1 [D.E. 34-1] at 5–6. Petitioner also cites no case law to support his claim that a probable cause hearing was required. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (providing that "[u]nsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), abrogated on other grounds by Gray v.

16

Netherland, 518 U.S. 152, 165–66 (1996). Moreover, "the Fifth Amendment requirement of indictment by grand jury does not apply to the states." Hartman v. Lee, 283 F.3d 190, 195 n.4 (4th Cir. 2002) (citing Alexander v. Louisiana, 405 U.S. 625, 633 (1972)).

Petitioner fails to demonstrate that the MAR court's decision as to this claim was based on an unreasonable determination of the facts, and he also has not met the "difficult" ADEPA standard of showing that the MAR court's "decision was 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Madison, 138 S. Ct. at 11; see 28 U.S.C. § 2254(d)-(e); see also Woodall, 572 U.S. at 419; Pinholster, 563 U.S. at 181; Harrington, 562 U.S. at 103; Williams, 529 U.S. at 405. Thus, respondent is entitled to summary judgment on this claim. See Anderson, 477 U.S. at 249.

2) Whether differing offense date ranges in the second superseding indictment and arrest warrant constitutes a fatal defect in the indictment that divests the court of jurisdiction:

Due process requires that a criminal defendant have reasonable notice of the charges against him. See Lopez v. Smith, 574 U.S. 1, 5 (2014); Russell v. United States, 369 U.S. 749, 763 (1962); Cole v. State of Ark., 333 U.S. 196, 201 (1948); In re Oliver, 333 U.S. 257, 273 (1948); Stroud v. Polk, 466 F.3d 291, 296 (4th Cir. 2006). Nevertheless, "deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." Ashford v. Evans, 780 F.2d 405, 407 (4th Cir. 1985).

Although petitioner baldly asserts that his indictments lack a "concrete time or date," see Pet'r's Mot. Summ. J. [D.E. 56] at 2, the record reflects the arrest warrant listed the offense date as March 1, 2016, through May 31, 2016, Pet. Attach. [D.E. 1–1] at 22, whereas the second superseding indictment listed the offense date as March 1, 2016, through December 31, 2016, see id. at 28. The court does not discern any present argument as to petitioner's claim that the amended

17

offense dates in the second superseding indictment constituted a "fatal variance," and petitioner also does not cite any case law to support this bald contention. See Nickerson, 971 F.2d at 1136.

In the order denying the MAR, Judge Lock noted that:

> Probable cause in an arrest warrant does not mean "that a subsequent indictment must necessarily flow from or be framed within the allegations of the arrest warrant. When a defendant is tried upon an indictment . . . the validity of the arrest warrant has no effect upon the trial court's jurisdiction over the subject of the indictment."

Id. at 2 (quoting State v. Riggs, 100 N.C. App. 149, 153, 394 S.E.2d 670, 672 (1990)).

Judge Lock concluded that this claim was meritless, finding that the "trial court's jurisdiction over [petitioner's] matter was not impacted by the varied offense dates on [petitioner's] arrest warrant and indictment." Id. at 2–3 (citing Riggs, 100 N.C. App. at 153, 394 S.E.2d at 672).

Petitioner fails to demonstrate that the MAR court's ruling on this claim reached a result contrary to, or unreasonably applied, clearly established federal law, or otherwise was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)-(e); Madison, 138 S. Ct. at 11; Pinholster, 563 U.S. at 181; Williams, 529 U.S. at 405; see also Ashford, 780 F.2d at 407. Thus, respondent is entitled to summary judgment on this claim. See Anderson, 477 U.S. at 249.

   3) Whether the superseding indictments were fatally defective and did not put him on adequate notice of the charges against him because of a discrepancy between the statute cited and the listed title of the offense:

Petitioner generally argues that the discrepancy between the offense name listed and the statute cited in his superseding indictments constitutes a "fatal variance." See Pet. [D.E. 1] at 5; Pet'r's Resp. [D.E. 45] at 3; Pet'r's Mot. Summ. J. [D.E. 56] at 2.

The record reflects petitioner initially was charged via a December 7, 2017, arrest warrant, with attempted first-degree forcible rape, in violation of N.C. Gen. Stat. § 14-27.21, with an offense date range from March 1, 2016, through May 31, 2016. See Resp't App., Ex. 1 [D.E. 34-1] at 4.

18

On March 5, 2018, a Johnston County grand jury returned a true bill of indictment charging petitioner with attempted first-degree forcible rape, in violation of N.C. Gen. Stat. § 14-27.21, with an offense date of March 1, 2016. See Pet. Attach. [D.E. 1-1] at 23–24.

On July 9, 2018, the grand jury returned a superseding true bill of indictment charging petitioner with: attempted first-degree forcible rape, in violation of N.C. Gen Stat. § 14-27.21, for "attempting to ravish and carnally know [the victim] by force and against the victim's will"; "atmpt statutory sexual offense with a child by an adult [sic]," in violation of N.C. Gen. Stat. § 14-27.23, for "attempt to engage in a vaginal intercourse with [the victim], a child who was under the age of 13 years" while, "[a]t the time, [petitioner] was at least 18 years of age"; and indecent liberties with a child, in violation of N.C. Gen. Stat. § 14-202.1, for attempting "to take immoral, improper, and indecent liberties with [the victim], who was under the age of 16 years at the time, for the purpose of arousing and gratifying sexual desire" and "did commit and did attempt to commit a lewd and lascivious act upon and with the body parts and member of [the victim], who was under the age of 16 years at the time," where petitioner "was over 16 years of age and at least five years older than that child." Id. at 25–26. The offense dates were listed as March 1, 2016. Id. at 25.

On December 3, 2018, the grand jury returned a second superseding true bill of indictment charging the same offenses, with the same statutes cited, but with the offense date range amended to March 1, 2016, through December 31, 2016. Id. at 28; Resp't App., Ex. 1 [D.E. 34-1] at 5–6.

The North Carolina General Statute entitled "Statutory rape of a child by an adult" then provided: "A person is guilty of statutory rape of a child by an adult if the person is at least 18 years of age and engages in vaginal intercourse with a victim who is a child under the age of 13 years." N.C. Gen. Stat. § 14-27.23(a) (2016).

19

By contrast, the North Carolina General Statute entitled "Statutory sexual offense with a child by an adult" then provided: "A person is guilty of statutory sexual offense with a child by an adult if the person is at least 18 years of age and engages in a sexual act with a victim who is a child under the age of 13 years." N.C. Gen. Stat. § 14-27.28(a) (2016).

A North Carolina criminal pleading must contain, among other things:

A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.

N.C. Gen. Stat. § 15A-924(a)(5) (2018).

A North Carolina criminal pleading also must contain, "[f]or each count a citation of any applicable statute, rule, regulation, ordinance, or other provision of law alleged therein to have been violated." N.C. Gen. Stat. § 15A-924(a)(6) (2018). Nevertheless, "[e]rror in the citation or its omission is not ground for dismissal of the charges or for reversal of a conviction." Id.

Despite the discrepancy between the offense name and the statute cited, the superseding indictments specifically allege petitioner's attempt to engage in "vaginal intercourse" and assert facts supporting every element of the criminal offense attempted "Statutory rape of a child by an adult," not the elements of attempted "Statutory sexual offense with a child by an adult." See Pet. Attach. [D.E. 1-1] at 25–26; Resp't App., Ex. 1 [D.E. 34-1] at 5–6. The jury instructions also identified the charged crime as "attempted statutory rape of a child by an adult," including an intent "to engage in vaginal intercourse with the alleged victim." See Resp. Ex. 16 [D.E. 41] at 85–86; see also State v. Sines, 158 N.C. App. 79, 85 579 S.E.2d 895, 899 (2003) ("In order to prove an attempt of any crime, the State must show: '(1) the intent to commit the substantive offense, and (2) an overt act done for that purpose which goes beyond mere preparation but (3) falls short of the completed offense.'" (quoting State v. Miller, 344 N.C. 658, 667, 477 S.E.2d 915, 921 (1996))).

20

In the order denying petitioner's MAR, Judge Lock found, in relevant part:

> Although [petitioner's] second superseding indictment reflects the incorrect named offense, it does list the correct general statute. On this indictment, it lists N.C.G.S. § 14-27.23 as the corresponding statute. The offense associated with N.C.G.S. § 14-27.23 is "Statutory rape of a child by an adult." The indictment also states, in relevant part, that the grand jury found probable cause that [petitioner] did "attempt to engage in a vaginal intercourse with [victim], a child under the age of 13 years."

Pet. Attach. [D.E. 1-1] at 3.

Judge Lock held, "[b]ecause the indictment asserted facts supporting each element of Statutory Rape of a Child by an Adult and reflected the correct corresponding statute, [petitioner] was effectively put on notice of the charge against him," and this claim "is without merit." Id.

The cases upon which petitioner seeks to rely in support of this claim are substantially distinguishable. Cf. Bowen, 139 N.C. App. at 23, 533 S.E.2d at 252 (finding plain error when the trial judge gave jury instructions on statutory sexual offense, not first degree (forcible) sexual offense, as was charged in the three indictments); Miller, 137 N.C. App. at 459, 528 S.E.2d at 631 (finding plain error where the trial judge gave jury instructions for statutory sexual offense, not first degree (forcible) sexual offense, as was charged in the indictment).

Petitioner fails to demonstrate that the MAR court's ruling as to the discrepancy between the offense name listed and the statute cited in his superseding indictments reached a result contrary to, or unreasonably applied, clearly established federal law, or was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)-(e); Madison, 138 S. Ct. at 11; Pinholster, 563 U.S. at 181; Williams, 529 U.S. at 405; see also Hartman, 283 F.3d at 195, n.5 (finding misplaced reliance on Hodgson v. Vermont, 168 U.S. 262 (1897), observing Hodgson does not "say that the only constitutionally sufficient means of providing the notice required by the Sixth and Fourteenth Amendments is through the charging document," and collecting cases "in which deficient indictments were held not to violate the Sixth and Fourteenth Amendments

21

when the defendant received actual notice of the charges against him"); Ashford, 780 F.2d at 407. Thus, respondent is entitled to summary judgment on this claim. See Anderson, 477 U.S. at 249.

4) Whether the superseding indictment was fatally defective because petitioner was indicted for a "sexual offense but found guilty of statutory rape":

This claim essentially reiterates petitioner's third MAR claim. As discussed above, the superseding indictments and jury instructions address the elements of attempted "Statutory rape of a child by an adult," not attempted "Statutory sexual offense with a child by an adult." See Resp. Ex. 16, [D.E. 41] at 85–86; Pet. Attach. [D.E. 1-1] at 25–28.

Judge Lock's MAR decision also found petitioner's claim that he was indicted for a "sexual offense but found guilty of statutory rape" was without merit. See Pet. Attach. [D.E. 1-1] at 3.

Petitioner fails to demonstrate that the MAR court's ruling on this claim reached a result contrary to, or unreasonably applied, clearly established federal law, or was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)-(e); Madison, 138 S. Ct. at 11; Pinholster, 563 U.S. at 181; Williams, 529 U.S. at 405; see also Hartman, 283 F.3d at 195, n.5; Ashford, 780 F.2d at 407. Thus, respondent also is entitled to summary judgment on this claim. See Anderson, 477 U.S. at 249.

5) Whether the superseding indictments were fatally defective because of a discrepancy between the statute cited and the listed title of the offense and because these indictments failed to identify under which statutory subsection petitioner was charged:

Petitioner argues, although the superseding indictment charged him with "indecent liberties with a child," the crime is properly entitled "taking indecent liberties with children," and that he lacked adequate notice of the charged offense because the superseding indictment failed to identify under which subsection of the statute he was charged. See Pet'r's Mot. Summ. J. [D.E. 56] at 2.

The statute, entitled "Taking indecent liberties with children," provides, in relevant part:

(a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

22

> (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or
>
> (2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

N.C. Gen. Stat. § 14-202.1(a).

As noted above in the discussion of petitioner's third MAR claim, the superseding indictments charged petitioner with violating N.C. Gen. Stat. § 14-202.1 for attempt "to take immoral, improper, and indecent liberties with [the victim], who was under the age of 16 years at the time, for the purpose of arousing and gratifying sexual desire," and "did commit and did attempt to commit a lewd and lascivious act upon and with the body parts and member of [the victim], who was under the age of 16 years at the time," as petitioner "was over 16 years of age and at least five years older than that child." Pet. Attach. [D.E. 1-1] at 25–26, 28.

Here, the record reflects that the trial court sustained petitioner's objection to the "lewd or lascivious act" prong of the "Taking indecent liberties with children" charge. See Resp. Ex. 16, [D.E. 41] at 32–33. The trial court instead instructed the jury only on the "takes or attempted to take any immoral, improper, or indecent liberties" prong of the charge. Id. at 86–87.

In the order denying petitioner's MAR, Judge Lock concluded that this claim was without merit because the superseding indictment listed the "correct corresponding statute for this offense and factual allegations that support all elements of that offense. Therefore, [petitioner] was effectively put on notice of the charges against him." Pet. Attach. [D.E. 1-1] at 3 (citing State v. Hunt, 357 N.C. 257, 267, 582 S.E.2d 593, 600 (2003) ("To be sufficient under our Constitution, an indictment 'must allege lucidly and accurately all the essential elements of the offense endeavored to be charged.'" (citation omitted))).

23

Judge Lock further found that the failure to list a subsection on the superseding indictments also did not constitute a fatal defect because these indictments included factual allegations that support each element of both N.C. Gen. Stat. § 14-202.1(a)(1) and (a)(2). Id. at 3–4.

Because N.C. Gen. Stat. § 14-202.1 provides two alternative methods for proving the offense of "taking indecent liberties with children," from the date the superseding indictment was returned, petitioner knew or should have known that he could be convicted for either "taking or attempting to take immoral, improper, or indecent liberties" with the victim, or for committing or attempting to commit a "lewd or lascivious act upon or with the body or any part or member of the body" of the victim. See Barbe v. McBride, 477 F. App'x 49, 52 (4th Cir. 2012) (per curiam) (unpublished) (finding no due process violation when, "from the time of his original indictment," petitioner "knew or should have known that he could be convicted for engaging in either from of sexual conduct," and there was "sufficient notice for constitutional purposes"); see also State v. Singleton, 85 N.C. App. 123, 126, 354 S.E.2d 259, 262 (1987) (holding, where defendant is clearly informed of the "conduct which is the subject of the accusations," indictments for "taking indecent liberties . . . need not specify the exact act which constitutes the 'immoral, improper and indecent liberty'"), disc. rev. denied, 320 N.C. 516, 358 S.E.2d 530 (1987); State v. Smith, 180 N.C. App. 86, 92, 636 S.E.2d 267, 272 (2006) ("'In general, an indictment couched in the language of the statute is sufficient to charge the statutory offense.'" (citation omitted)).

Petitioner fails to demonstrate that the MAR court's ruling on this claim reached a result contrary to, or unreasonably applied, clearly established federal law, or was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)-(e); Madison, 138 S. Ct. at 11; Pinholster, 563 U.S. at 181; Williams, 529 U.S. at 405; see also Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) (providing, "it is not the province of a federal habeas court to reexamine state-court

determinations on state-law questions"); <u>Hartman</u>, 283 F.3d at 195, n.5; <u>Ashford</u>, 780 F.2d at 407. Thus, respondent is entitled to summary judgment on this claim. <u>See Anderson</u>, 477 U.S. at 249.

      6) Whether petitioner was denied his right to a speedy trial:

      Petitioner generally argues he was denied his Sixth Amendment speedy trial rights because superseding indictments were returned against him after his attorney made an oral motion for speedy trial. <u>See</u> Pet. [D.E. 1] at 12; Pet'r's Resp. [D.E. 45] at 5; Pet'r's Resp. [D.E. 46] at 3.

      In his MAR, petitioner asserted that, at a "bond motion hearing" on June 5, 2018, his counsel "entered an oral motion" for speedy trial that was not denied. Pet. Attach. [D.E. 1-1] at 51. Petitioner argued that, after this motion, "the state could not indict [him] on any other related charges" such that the superseding indictments are invalid under N.C. Gen. Stat. § 15-10, and the Sixth Amendment right to a speedy trial "demands termination of the prosecution." <u>Id.</u> at 51–52.

      Here, the filings reflect that: at a June 5, 2018, bond hearing, petitioner's counsel stated, "[Petitioner] would like me to ask the Court for a speedy trial," and the court responded, "Yes, sir," <u>id.</u> at 59–60; petitioner's arrest warrant was issued on December 7, 2017, <u>id.</u> at 22; petitioner was arrested on January 18, 2018, <u>id.</u> at 75; the first and second superseding indictments were returned on July 9, 2018, and December 4, 2018, respectively, <u>id.</u> at 25–28; and that petitioner's trial began on December 17, 2018, <u>see</u> Resp't App., Ex. 12 [D.E. 34-12] at 2.

      The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. Const. amend. VI. An interval between accusation and trial approaching one year is considered "presumptively prejudicial," thereby requiring courts to assess whether the pretrial delay constitutes a Sixth Amendment speedy trial violation. <u>See</u> <u>Doggett v. United States</u>, 505 U.S. 647, 652 n.1 (1992) (citing the test outlined in <u>Barker v. Wingo</u>, 407 U.S. 514, 530–31 (1972) ("<u>Barker</u>")).

25

The <u>Barker</u> four-factor balancing test inquires: "[1] whether delay before trial was uncommonly long, [2] whether the government or the criminal defendant is more to blame for that delay, [3] whether, in due course, the defendant asserted his right to a speedy trial, and [4] whether he suffered prejudice as the delay's result." <u>Id.</u> at 651.

To prevail in a speedy trial claim, the movant must show that, "on balance, the four separate [<u>Barker</u>] factors weigh in his favor." <u>United States v. Hall</u>, 551 F.3d 257, 271 (4th Cir. 2009) (alteration and internal quotation omitted). In applying the <u>Barker</u> balancing test, however, none of the four factors is considered "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." <u>Barker</u>, 407 U.S. at 533.

The North Carolina statute upon which petitioner seeks to rely provides:

> When any person who has been committed for treason or felony, plainly and specially expressed in the warrant of commitment, upon his prayer in open court to be brought to his trial, shall not be indicted some time in the next term of the superior or criminal court ensuing such commitment, the judge of the court, upon notice in open court on the last day of the term, shall set at liberty such prisoner upon bail, unless it appear upon oath that the witnesses for the State could not be produced at the same term; and if such prisoner, upon his prayer as aforesaid, shall not be indicted and tried at the second term of the court, he shall be discharged from his imprisonment: Provided, the judge presiding may, in his discretion, refuse to discharge such person if the time between the first and second terms of the court be less than four months.

N.C. Gen. Stat. § 15-10.

Petitioner appears to argue that, after his counsel moved for speedy trial, the grand jury's subsequent returning of superseding indictments violated that part of N.C. Gen. Stat. § 15-10 stating a person "shall not be indicted," such that the charges against him instead should have been dismissed. <u>See</u> Pet. Attach. [D.E. 1-1] at 51–52. Petitioner simply misreads this statute which recognizes circumstances requiring the accused's release on bail after a speedy trial motion but

does not prohibit subsequent indictment. See Farrington v. State of N.C., 391 F. Supp. 714, 715 (M.D.N.C. 1975) (noting "the purpose of N.C. Gen. Stat. § 15-10 is for the protection of persons held without bail" and that, although "under certain circumstances such a prisoner may be discharged from custody," the statute "does not bar further prosecution" (citations omitted)); see also State v. Lowry, 263 N.C. 536, 542, 139 S.E.2d 870, 875 (1965) ("[N.C. Gen. Stat. § 15-10], entitled 'Speedy trial or discharge on commitment for felony,' requires simply that under certain circumstances 'the prisoner be discharged from custody and not that he got quit of further prosecution [sic].'" (citation omitted)); State v. Patton, 260 N.C. 359, 364, 132 S.E.2d 891, 894 (1963) ("The right to a speedy trial on the merits is not designed as a sword for defendant's escape, but as a shield for his protection."); State v. Hardin, 20 N.C. App. 193, 194, 201 S.E.2d 74, 75 (1973) ("In North Carolina, there is no statute of limitations barring the prosecution of a felony. [N.C. Gen. Stat. § 15-10] merely provides that under certain circumstances the State must release from custody a defendant who has not been speedily tried." (citations omitted)).

In the order denying the MAR, Judge Lock found this speedy trial claim lacked merit. Pet. Attach. [D.E. 1-1] at 4. Judge Lock noted N.C. Gen. Stat. § 15-10 "is for the protection of persons held without bail," id. (quoting Lowry, 263 N.C. at 543, 139 S.E.2d at 875), and found petitioner's claim–that this statute precluded subsequent indictments–was "unsupported by legal precedent," id. Judge Lock also found that petitioner "fails to contend an undue delay in his prosecution." Id. (citing Hardin, 20 N.C. App. at 194, 201 S.E.2d at 76, for the proposition that "the constitutional right to speedy trial is violated only when the delay is an *undue* delay, negligently or arbitrarily delayed by the State, or oppressive delay." (emphasis added and citations omitted)).

Petitioner does not argue, much less establish, that the Barker balancing test weighs in his favor. See Nickerson, 971 F.2d at 1136. Further, because he also has not shown that any delay

27

was due to the state's "neglect or willfulness," the case upon which petitioner seeks to rely is distinguishable. Compare Pippin, 72 N.C. App. at 398, 324 S.E.2d at 908 ("Once the defendant presented a prima facie case that substantial delay was the result of the district attorney's negligence, the burden of proof shifted to the state to fully explain and justify the reasons for the delay."), with State v. Spivey, 357 N.C. 114, 119, 579 S.E.2d 251, 255 (2003) ("[D]efendant has the burden of showing that the delay was caused by the *neglect* or *willfulness* of the prosecution. Only after the defendant has carried his burden of proof by offering *prima facie* evidence showing that the delay was caused by the neglect or willfulness of the prosecution must the State offer evidence fully explaining the reasons for the delay and sufficient to rebut the *prima facie* evidence." (internal citations omitted)), and Hardin, 20 N.C. App. at 194, 201 S.E.2d at 76.

In sum, petitioner fails to demonstrate that the MAR court's ruling on this "speedy trial" claim reached a result contrary to, or unreasonably applied, clearly established federal law, or otherwise was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)-(e); Madison, 138 S. Ct. at 11; Williams, 529 U.S. at 405; see also Estelle, 502 U.S. at 67–68. Thus, respondent also is entitled to summary judgment on this claim. See Anderson, 477 U.S. at 249.

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court also will deny a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## Conclusion:

In sum, the court: DENIES AS MOOT petitioner's motions "for delayed" [D.E. 29], "for entry of default" [D.E. 30-2], "for notice and request of order" [D.E. 50], and "request notice of order" [D.E. 60]; DENIES petitioner's motions to appoint counsel [D.E. 52, 53, 54, 59, 67];

28

DENIES petitioner's motions for a writ of mandamus [D.E. 51, 61, 62]; DENIES petitioner's motion for summary judgment, Mot. [D.E. 56]; DENIES petitioner's motion for an evidentiary hearing [D.E. 57]; DENIES petitioner's motion for discovery [D.E. 65]; GRANTS respondent's motion to seal exhibits [D.E. 42]; DIRECTS the clerk to seal respondents' proposed sealed exhibits [D.E. 36, 37, 38, 39, 40, 41]; DIRECTS the clerk to seal petitioner's filings identifying the minor victim [D.E. 1-1], [D.E. 45-4], [D.E. 57], [D.E. 65-1]; GRANTS respondent's motion for summary judgment [D.E. 32]; DISMISSES petitioner's petition for a writ of habeas corpus [D.E. 1]; DENIES a Certificate of Appealability; and DIRECTS the clerk to close the case.

SO ORDERED. This 6th day of January 2023.

RICHARD E. MYERS II
Chief United States District Judge

29